## SCHLATER *v.* WINPENNY.

A. was told in January that B's partnership was for one year. *Held,* that A. had such notice of its dissolution as put him on inquiry.

**Error to District Court of Philadelphia.**

Opinion delivered March 2, 1874, by

WILLIAMS, J. There are three questions in this case :

1st. Whether the partnership of .F. Schlater & Co., expired on the first of January or the 13th of February, 1869?

2d. If on the former day, whether the plaintiff below had notice of its dissolution?

3d. Whether John Clendenning was authorized to wind up the affairs and settle the business of the partnership after its dissolution?

I. The evidence shows that the plaintiff sold yarns after the first of January, 1869, to John Clendenning, who was authorized by power of attorney bearing date the 17th of January, 1868, "to buy and sell goods and merchandize," for and in the name of the firm, and that the price of these yarns was included in the notes sued on. The plaintiff himself testified that "these notes were given for a balance of account and are renewals of others." If, then, the partnership expired on the 1st of January, 1869, and the plaintiff had notice of its dissolution, it is clear that he is not entitled to recover that portion of the notes embracing the price of the yarns sold after that date, even if John Clendenning, by whom they were given, was authorized to settle the business of the partnership. It is, therefore, a material question, whether the partnership expired on the first of January, 1869, or was dissolved on the 13th of February thereafter.

Clendenning was examined as a witness for the plaintiff, and testified that the partnership continued until the 13th of February, 1869, and that it was then dissolved. On his cross-examination he said that he did not tell Benj. Rowland, Jr., that this firm expired January 1st, 1866; and

that he did not tell him that all coal charged to F. Schlater & Co., after that date, must be re-charged to himself, as the firm expired January 1st, 1869; and that the coal was not so re-charged, and he did not pay the bill for the same. The defendant called Rowland, who testified: "We furnished coal to F. Schlater & Co. In January and February, 1869, we charged coal to F. Schlater & Co. and sent the bill to Schlater & Co." The defendant then offered to show that Clendenning gave notice to the witness that this partnership ended January 1st, 1869, and that as to the coal charged to F. Schlater & Co., after January 1st, 1869, Clendenning said that it was to be recharged to John Clendenning; and that it was so recharged and paid by Clendenning, and that this notice was given before the date of these notes. The plaintiff objected to the offer and the court sustained the objection. The defendant then offered to prove by the witness the declarations of Clendenning that the firm of F. Schlater & Co. was dissolved January 1st, 1869. This offer was objected to, unless the plaintiff was present and had notice of the dissolution, and the court sustained the objection and excluded the offer. If anything in the law of evidence can be regarded as settled, it is, that the credit of a witness may be impeached by proof that he has made statements out of court contrary to what he has testified at the trial. The principle is too familiar to need the citation of any authority in its support. The matter in regard to which it was proposed to contradict the witness was material and relevant to the issue, and his attention was called to the person and the particular circumstances involved in the supposed contradiction. The offers should, therefore, have been admitted, and the court fell into a palpable error in rejecting them.

II. If the defendant informed the plaintiff in January or February, 1868, that the partnership was for one year, and that it ended on the 1st of January, 1869, then the latter had such notice of its dissolution as should have put him upon inquiry. He had no right to sell goods to Clendenning on the credit of the firm after that date without ascertaining that the partnership still continued.

III. The dissolution of the partnership, whether it terminated on 1st of January or the 13th of February, 1869, undoubtedly operated as a revocation of the power of attorney authorizing Clendenning to conduct its business, and, unless he was authorized by the members of the firm to settle the business of the partnership after its dissolution, he had no authority to give the notes in controversy. On his cross-examination he said: "I exercised no powers except under the letter of attorney, which was for the business of F. Schlater & Co.;" but on his re-examination he said: "I had authority to wind up the affairs of the firm, after dissolution." In saying this he may have supposed that under the power authorizing him to conduct the business of the firm he had authority to wind up and settle its affairs; or he may have so testified because he

was expressly authorized by the members of the firm to settle the business of the partnership after its dissolution. But be this as it may, it is clear that the defendent had the right to contradict the witness by showing that he had no power as attorney in fact of the firm, after the dissolution thereof, to wind up its affairs, and, therefore, the court erred in sustaining the objection to the offer unless followed by proof of notice to the plaintiff.

The authority conferred by the power of attorney to conduct the business of the firm, as already suggested, ceased with the dissolution of the partnership, and if the plaintiff knew that the firm was dissolved when the notes were given, as it is manifest that he did, it was his business to see that Clendenning had authority to give them.

It needs no argument to show that the defendant was not bound by the entries made by Clendenning, or by his direction, in the partnership books after the dissolution of the firm ; nor were they evidence against him, unless it was shown that he had assented to them.

Judgment reversed and a *venire facias de novo* awarded.