[Cite as *State v. Cauthon*, 2018-Ohio-3807.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 18AP-329 (C.P.C. No. 05CR-4139) |
| Nassir D. Cauthon, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on September 20, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, **for appellant.**

**On brief:** *Nassir D. Cauthon*, **pro se.**

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Nassir D. Cauthon is appealing from the trial court's failure to grant him relief from his multiple convictions for engaging in sexual activity with a minor. He assigns three errors for our consideration:

> [I.] Whether a postrelease control notification, that: "If you're ever released from the institution the Adult Parole Authority will superise [sic] your behavior out on the street for up to -- not up to, they will supervise you for five years," (Sentencing Trans. 23: 11-14) or, that "After you are released from prison, you will have a period of post-release control for 5 year following your release from prison," does in law and in fact constitute sufficient notification that the defendand [sic] will be subject to a five year mandatory period of postrelease control pursuant to: O.R.C. Section 2967.28.

> [II.] Whether a sentence wholly predicated on the unconstitutional sentencing scheme pronounced in: State v.

Foster 109 Ohio St. 3d 1, requires resentencing for judicial fact-findings in light of the holding in Oregon v. Ice __U.S.__, 129 S. Ct. 711 (2009).

[III.] Whether a trial court's packaging of criminal sanctions into a single sanction offends due process:

"The role of the trial judge in felony sentencing is offense-specific, not incarceration-specific, and a prison sanction that forms a sentence for one offense cannot be packaged with a prison sanction for another offense." See: State v. Holdcroft, 137 Ohio St. 3d 526, at: *6.

{¶ 2} Cauthon was sentenced to three consecutive life terms because the victim of his sexual abuse was a child of age 12. Under the circumstances, his release from prison on parole is not a sure thing. If the Ohio Adult Parole Authority does order his release from incarceration, the sentencing entry makes it clear that he will serve a period of 5 years of post-release control. Nothing in the trial court's entry merits relief, let alone a new sentencing proceeding.

{¶ 3} The first assignment of error is overruled.

{¶ 4} The case of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, had nothing to do with Cauthon's sentence. Ohio law required a mandatory life sentence for persons who rape a child long before *Foster* was decided. The applicable statute remains in place today.

{¶ 5} The second assignment of error is overruled.

{¶ 6} Cauthon's third assignment of error seems to assert that a trial court judge cannot order consecutive sentences for offenders who engage in multiple crimes. This assertion is simply wrong.

{¶ 7} The third assignment of error is overruled.

{¶ 8} We note in addition that Cauthon's filings in the trial court are belated forms of petitions for postconviction relief. The time for him to file petitions for postconviction relief lapsed many years ago and none of the provisions for late filing are applicable. For this set of reasons alone, the trial court was correct to deny relief for Cauthon.

{¶ 9} The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and HORTON, JJ., concur.