[Cite as *State v. Singleton*, 2011-Ohio-4939.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DIANA L. SINGLETON nka ROOP

    Appellant

C.A. No.    25681

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2000-08-1934
               CR-2000-11-2703 A

DECISION AND JOURNAL ENTRY

Dated: September 28, 2011

CARR, Judge.

{¶1}	Appellant, Diana Singleton, nka Diana Roop, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}	On September 1, 2000, the Summit County Grand Jury indicted Singleton on one count of illegal manufacture of drugs in violation of R.C. 2925.04(A), a felony of the second degree; one count of aggravated preparation of drugs for sale in violation of R.C. 2925.07, a felony of the fourth degree; one count of possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree; one count of possession of drugs in violation of R.C. 2925.11(A), a misdemeanor of the third degree; one count of driving under FRA suspension in violation of R.C. 4511.192, a misdemeanor of the first degree; and one count of possession of marijuana in violation of 2925.11(A), a minor misdemeanor. These charges stemmed out of an incident which occurred on August 24, 2000 and were indicted under Case. No. CR 2000-08-1934. At

her arraignment on September 6, 2000, Singleton pleaded not guilty to all charges in the indictment.

{¶3} On November 27, 2000, Singleton was indicted a second time on charges stemming out of events which occurred on November 16, 2000. In Case No. CR 2000-11-2703, the Summit County Grand Jury indicted Singleton on one count of illegal manufacture of drugs in violation of R.C. 2925.04(A), a felony of the second degree; one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the third degree; one count of possessing criminal tools in violation of R.C. 2923.24, a felony of the fifth degree; and one count of having weapons under disability in violation of R.C. 2923.13(A)(3), a felony of the fifth degree. Singleton subsequently pleaded not guilty to the charges.

{¶4} On March 21, 2001, Singleton reached a plea agreement with the State in both cases. In Case No. CR 2000-08-1934, Singleton pleaded guilty to attempted illegal manufacture of drugs in violation of R.C. 2923.02/2925.04(A), a felony of the third degree. The charges of aggravated preparation of drugs for sale, possession of drugs, driving under FRA suspension, and possession of marijuana were dismissed. In Case No. CR 2000-11-2703, Singleton pleaded guilty to the amended charge of attempted illegal manufacture of drugs in violation of R.C. 2923.02/2925.04(A), a felony of the third degree, as well as the charge of possessing criminal tools in violation of R.C. 2923.24, a felony of the fifth degree. The charges of aggravated possession of drugs and having a weapon while under disability were dismissed.

{¶5} The trial court conducted a sentencing hearing in both cases on April 23, 2001. Subsequently, on April 30, 2001, the trial court issued a sentencing entry in each case. In Case No. CR 2000-08-1934, the trial court sentenced Singleton to a term of two years incarceration on the count of attempted illegal manufacture of drugs. In Case No. CR 2000-11-2703, the trial

court imposed a two-year term of incarceration on the count of attempted illegal manufacture of drugs and a one-year term of incarceration on the count of possessing criminal tools. The trial court ordered the sentences in Case No. CR 2000-11-2703 to be served concurrently with each other, and also concurrently with the sentence imposed in Case. No. CR 2008-08-1934.

{¶6} The transcript of docket and journal entries indicates that Singleton filed a motion for reconsideration of the original sentence on May 3, 2001. The transcript of docket and journal entries further indicates that the State filed a memorandum in opposition on May 11, 2001. Neither filing is contained within the record. Next to each entry, the Clerk of Courts has marked, "No Image." On May 16, 2001, the trial court issued journal entries in both cases indicating that the motion for reconsideration would be taken under advisement. On July 10, 2001, the trial court issued journal entries in both cases directing the Summit County Sheriff to return Singleton for "reconsideration of sentence" on July 16, 2001. The record does not contain a transcript from the July 16, 2001 hearing. On July 24, 2001, the trial court issued journal entries in both cases indicating that a hearing had been held and that the motion for reconsideration of sentence was granted. The trial court then ordered that Singleton be sentenced to two years of community control.

{¶7} More than nine years later, on August 17, 2010, Singleton filed a motion to vacate the sentence and declare the conviction void on the basis that the trial court had not properly advised her of post-release control in her original sentence. Attached to the motion were copies of the original April 30, 2001 sentencing entries in which the trial court imposed a two-year term of incarceration. On August 19, 2010, the State filed a memorandum in opposition and argued that the sentences in the entries journalized April 30, 2001, are not the sentences that were ultimately imposed and carried out. The State argued that the sentences journalized on July 24,

2001, which ordered community control, are the valid and final sentences and, therefore, the trial court was not required to impose post-release control. Singleton filed a reply on August 30, 2010, and argued that the sentences journalized on July 24, 2001, were not valid because the reconsideration hearing was actually a judicial release hearing and not a valid sentencing hearing. On October 22, 2010, the trial court denied the motion. In so doing, the trial court articulated the following reasoning:

**{¶8}** "Defendant was released from incarceration by effect of the July 16, 2001 sentencing entry. Defendant completed the two years of community control. Defendant clearly accepted the two years of community control and made no objections to the decision of the Court to reconsider her sentence at that time. This Court did not grant Defendant judicial release, but instead reconsidered her sentence and upon reconsideration, sentenced her to two years of community control. Having made no objections at the time to the vehicle under which she was released from incarceration, Defendant cannot now object to that procedure."

**{¶9}** Singleton filed her notice of appeal on November 16, 2010. On appeal, Singleton raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DECLARE HER SENTENCE AND CONVICTION VOID."

**{¶10}** In her sole assignment of error, Singleton argues that the trial court erred in denying her motion to declare her sentence and conviction void. This Court disagrees.

**{¶11}** The argument Singleton advances on appeal is four-fold. Initially, Singleton contends that because the trial court failed to properly notify her of post-release control at her sentencing hearing and in the April 30, 2001 sentencing entries, the original sentences imposed in this case are void. Second, Singleton contends that the trial court's reconsideration of the original sentences was not proper and does not make valid her void original sentences. Singleton

further argues that because she has completed serving her void sentence, she cannot be resentenced. Singleton then concludes that the trial court erred in refusing to declare her conviction void because a lawful sentence was never imposed and she cannot be resentenced because she completed her void sentence.

{¶12} The Supreme Court of Ohio has held that an error in post-release control notification does not result in a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id. at ¶26. The Court reasoned that "[n]either the Constitution nor common sense commands anything more." Id. The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control." Id. at ¶29. The Court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

{¶13} In light of the Supreme Court's holding in *Fischer*, Singleton's argument must be rejected. Singleton's position rests on the initial premise that the original sentences journalized on April 30, 2001, are void because they each contained an error in the imposition of post-release control. Under the Supreme Court's holding in *Fischer*, however, the failure of a trial court judge to properly impose statutorily mandated post-release control results in "that *part* of the sentence" being void. Id at ¶26. Here, the doctrine of res judicata applies to the other aspects of Singleton's conviction, including the determination of guilt and the lawful elements of the original sentence. Id. at paragraph three of the syllabus. Singleton had begun to serve her prison term prior to the trial court's July 24, 2001 journal entry which permitted her to instead serve a

term of community control. While this case contains an enigmatic set of procedural facts in that the trial court purportedly allowed Singleton's prison sentence to be modified, there is no dispute that, at this time, Singleton has served her sentence in its entirety. Thus, this Court need not vacate the invalid portion of Singleton's sentence because Singleton has completed her sentence and, therefore, the trial court is now without authority to address the post-release control error. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, at ¶70.

{¶14} Singleton's sole assignment of error is overruled.

III.

{¶15} Singleton's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

THOMAS KELLEY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.