[Cite as *State v. Hawkins*, 2020-Ohio-1357.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     29397 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DON NELL HAWKINS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 92 12 2896(A) |

DECISION AND JOURNAL ENTRY

Dated: April 8, 2020

TEODOSIO, Presiding Judge.

{¶1}   Appellant, Don Nell Hawkins, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   In 1998, Mr. Hawkins pled guilty to felony-two trafficking in cocaine, and was sentenced to three years in prison.  One year later, the trial court granted his motion for judicial release, placed him on eighteen months of community control, and ordered him to successfully complete the Community-Based Correctional Facility ("CBCF") program.  A little over two months later, the court issued a capias for his arrest, and he was charged with escape.

{¶3}   In 2001, Mr. Hawkins pled guilty to both a community control violation and an amended felony-five escape charge.  The trial court reimposed his three-year prison sentence for trafficking in cocaine and sentenced him to six months in prison for escape, to be served consecutively to each other, but concurrently with his sentence in federal case number 1:01 CR

229. Mr. Hawkins was sent to a federal penitentiary, but was briefly returned to the Ohio Department of Rehabilitation and Correction ("ODRC") in 2004 for processing—so he could begin serving his state time concurrently with his federal time—before being returned once again to federal custody. He never filed direct appeals in either of his Summit County cases.

{¶4} Mr. Hawkins began filing numerous motions over the years claiming his sentence was void due to deficiencies in the trial court's notification of post-release control, some of which were denied by the trial court. He was later indicted in 2006 on federal drug charges in case number 5:06 CR 505 and was sentenced in 2007 to twenty years in prison with ten years of supervised release. Mr. Hawkins continued filing motions in the Summit County Court of Common Pleas and, on December 27, 2018, the court filed an order denying "any and all pending motions filed by [Mr. Hawkins]" for lack of jurisdiction because he already completed his sentence and his claims were now moot.

{¶5} Mr. Hawkins now appeals from the trial court's judgment and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN ITS[] 12/27/2018 ORDER WHICH DENIED HAWKINS' MOTIONS SEEKING TO HAVE HIS DRUG TRAFFICKING CONVICTION DECLARED VOID ON THE GROUND THAT THE TRIAL COURT FAILED TO INCORPRATE (SIC) THE MANDATORY NOTIFICATIONS OF R.C. [] 2929.19(B)(3)(b) & (e), REGARDING PRC INTO ITS SENTENCING JOURNAL ENTRY.

{¶6} In his sole assignment of error, Mr. Hawkins argues that the trial court erred in denying various motions in which he claimed his sentence was void due to the improper notification of post-release control in his sentencing entry. We disagree.

**{¶7}** A trial court has a statutory duty to provide notice of post-release control at a sentencing hearing and is required to incorporate that notice into its sentencing entry. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 8. "A sentence that does not include the statutorily mandated term of post[-]release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at paragraph one of the syllabus. However, "when a trial court fails to properly impose post-release control, that portion of its sentence is void and 'only the offending portion of the sentence is subject to review and correction.'" *State v. West*, 9th Dist. Summit No. 28051, 2016-Ohio-5694, ¶ 6, quoting *Fischer* at ¶ 27. The doctrine of res judicata applies to the other aspects of the conviction, including the determination of guilt and the lawful elements of the original sentence. *State v. Singleton*, 9th Dist. Summit No. 25681, 2011-Ohio-4939, ¶ 13.

**{¶8}** Once a valid prison sanction has been served, however, the trial court does not have the authority to resentence a defendant for the purpose of adding a term of post-release control as a sanction for a particular offense. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, at paragraph three of the syllabus. It is no longer res judicata that acts as a bar to modification; rather, the court has lost *jurisdiction* to modify the sentence. *Id.* at ¶ 14. This rule tempers the court's ability to review and modify a defendant's sentence with the defendant's increasing, legitimate expectation of finality in his sentence as time passes. *See, generally, id.* at ¶ 11-18.

**{¶9}** Assuming without deciding that Mr. Hawkins was not correctly informed of post-release control in this case at the time of sentencing, the law is clear that only the post-release control portion of his sentence would be void. *See Fischer* at ¶ 27; *Singleton* at ¶ 13. Nevertheless, it is undisputed by the parties that Mr. Hawkins has completely served his prison sentence in the

underlying case. Mr. Hawkins successfully motioned the trial court in 2004 to be removed from federal prison for ODRC processing to begin serving his state prison time concurrently with the sentence he was serving in federal prison. He has further conceded throughout the years in his various motions to the trial court that he has already completed his imprisonment for this case. The trial court therefore did not err in denying Mr. Hawkins' motions, but instead correctly determined that it was without jurisdiction to review or modify the sentence in this case. *See Holdcroft* at ¶ 18 ("[O]nce the prison-sanction portion of a sentence for a crime has been fully served, the structure of Ohio felony-sentencing law and the defendant's legitimate expectation in finality in his sentence prevent a court from further modifying the sentence for that crime in any way.").

{¶10} Mr. Hawkins' sole assignment of error is overruled.

III.

{¶11} Mr. Hawkins' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DON NELL HAWKINS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.