O’Neill, J.
{¶ 1} In this case, we must again consider when a trial court has the authority to correct a sentence when one of the sanctions originally imposed by the trial court is void. We hold that a trial court cannot add a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense, even if the defendant remains in prison for other offenses.
FACTS AND PROCEDURAL HISTORY
{¶ 2} On July 29, 1999, the Wyandot County Court of Common Pleas entered a judgment finding appellant, Henry Allen Holdcroft, guilty of aggravated arson and arson, pursuant to a jury verdict. In September 1999, the trial court imposed a prison term of ten years for Holdcroft’s aggravated-arson offense and a prison term of five years for Holdcroft’s arson offense. The trial court ordered *528 that the prison terms be served consecutively. The trial court notified Holdcroft that a postrelease-control sanction would be imposed, but it failed to state the duration of the sanction and did not state whether it was part of the sentence for aggravated arson, arson, or both offenses. The judgment entry of sentence reflected the same defects.
{¶ 3} Holdcroft completed his prison term for aggravated arson in 2009 and began serving the term of imprisonment for arson at that time. On January 26, 2010, the trial court held a new sentencing hearing to correct its errors related to postrelease control. Holdcroft argued in part that he had served 10/6 years in prison and that his aggravated-arson term of incarceration had expired. But the trial court reimposed a prison term of ten years for aggravated arson and a prison term of five years for arson, and it ordered the arson prison term to be served consecutively to the aggravated-arson prison term. The trial court also imposed a mandatory term of five years of postrelease control for the aggravated-arson offense and a discretionary postrelease-control term of up to three years for the arson offense.
{¶ 4} Holdcroft appealed the sentencing judgment, asserting that the trial court lacked jurisdiction to impose postrelease control related to his aggravated-arson offense because he had already served the prison sentence for that offense. In a divided decision, the Third District Court of Appeals disagreed. The appellate court held that a trial court may resentence a defendant for the purpose of correctly imposing postrelease control, so long as the defendant is still serving a prison term for any of the other offenses included in the same judgment entry of sentence. The court certified that its judgment conflicted with the judgment in State v. Dresser, 8th Dist. Cuyahoga No. 92105, 2009-Ohio-2888, 2009 WL 1710757, abrogated in part on other grounds by State ex rel. Carnail v. McCormick, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, on the following question:
Does a trial court have jurisdiction to resentence a defendant for the purpose of imposing mandatory post-release control regarding a particular conviction, when the defendant has served the stated prison term regarding that conviction, but has yet to serve the entirety of his aggregate prison sentence, when all of the convictions which led to the aggregate sentence resulted from a single indictment?
Holdcroft filed a notice of certified conflict and a discretionary appeal in this court. We determined that a conflict exists and accepted the discretionary appeal, and we consolidated the cases. 133 Ohio St.3d 1409, 2012-Ohio-4650, 975 N.E.2d 1028; 133 Ohio St.3d 1410, 2012-Ohio-4650, 975 N.E.2d 1029. For the *529 reasons that follow, we reverse the judgment of the Third District and hold that when Holdcroft completed his prison term for aggravated arson, the trial court lost the authority to impose a postrelease-control sanction for that offense.
ANALYSIS
{¶ 5} This court has consistently and repeatedly held that a trial court loses jurisdiction to resentence a defendant for the purpose of imposing postrelease control once the defendant has served his entire sentence of incarceration. Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32; State v. Bloomer, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70; State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus, superseded on other grounds by statute as stated in State v. Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958; State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18, overruled on other grounds by State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Thus far, we have had the opportunity to examine the imposition of postrelease control in three situations: (1) cases in which the defendant or the state filed a timely direct appeal, (2) cases in which the defendant remained in prison with no completed sentences, and (3) cases in which the defendant had already been released from prison. But we have not yet addressed the situation presented here, in which the trial court has resentenced the defendant to impose postrelease control for an offense, but the defendant had already served the entire prison term for that offense and remained in prison for other offenses.
{¶ 6} Resolution of this issue is helped significantly by examining the definitions of the words “sentence,” “sanction,” and “conviction” and by reviewing State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, which offers insight into Ohio’s felony-sentencing structure. In Saxon, this court addressed and rejected the use of the “sentencing package” doctrine by Ohio’s appellate courts. Under that doctrine, a defendant’s sentences in a multiple-conviction judgment entry are viewed in the aggregate, and if one of the sentences is vacated on appeal, the trial court has the authority to review the entire “sentencing package” on remand. Id. at ¶ 5. In Saxon, we concluded that the doctrine did not apply in Ohio, because “Ohio’s felony-sentencing scheme is clearly designed to focus the judge’s attention on one offense at a time.” Id. at ¶ 8. In so holding, we observed that R.C. 2929.01(EE) (formerly numbered R.C. 2929.01(FF)) defines “sentence” as “ ‘the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense.’ ” (Emphasis added.) Id. at ¶ 12. Further support for the Saxon rule can be found in R.C. 2929.01(DD), which states that “ ‘[s]anction’ means any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punish *530 mentfor the offense” (emphasis added) and in State v. Gapen, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135, which recognizes that a criminal “conviction” consists of both a finding of guilt and the imposition of a sentence. See also State v. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12, and State v. Poindexter, 36 Ohio St.3d 1, 5, 520 N.E.2d 568 (1988). In sum, under both the Revised Code and this court’s decisions, a conviction is composed of a finding of guilt and a sentence, a sentence is a sanction or combination of sanctions imposed for an individual offense, and incarceration and postrelease control are types of sanctions that may be imposed and combined to form a sentence.
{¶ 7} Although we have not previously so stated, generally speaking, our recent cases in this area have dealt with void sanctions, rather than sentences that were void ab initio. For example, in Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, we held that “when a judge fails to impose statutorily mandated postrelease control as part of a defendant’s sentence, that part of the sentence is void and must be set aside.” (Emphasis added in part.) Id. at ¶ 26. We further recognized that in most cases, the prison sanction is not void and therefore “only the offending portion of the sentence is subject to review and correction.” Id. at ¶ 27. Accordingly, when a judge fails to properly impose statutorily mandated postrelease control as part of a defendant’s sentence, the postrelease-control sanction is void. In such situations, the void sanction “may be reviewed at any time, on direct appeal or by collateral attack,” id., but “res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence,” id. at ¶ 40.
{¶ 8} The Fischer rule does not apply to most sentencing challenges. For example, challenges to a trial court’s compliance with R.C. 2929.11 and 2929.12, which may be brought by either the defendant or the state, must still be presented in a timely direct appeal under R.C. 2953.08. R.C. 2953.08(E); see generally State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. This is also true with regard to challenges to a sentencing court’s determination whether offenses are allied and its judgment as to whether sentences must be served concurrently or consecutively. See generally State v. Johnson, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061; State v. Hodge, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. The Fischer rule applies only in a limited class of cases — all three cases to which we have applied the Fischer rule have in common the crucial feature of a void sanction. See Fischer at ¶ 27; State v. Harris, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 18 (failure to include mandatory driver’s license suspension as part of sentence); and State v. Moore, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 12 and 17 (failure to include mandatory fine as part of sentence; noting that a mandatory fine “is a criminal sanction”).
*531 {¶ 9} Therefore, so long as a timely appeal is filed from the sentence imposed, the defendant and the state may challenge any aspect of the sentence and sentencing hearing, and the appellate court is authorized to modify the sentence or remand for resentencing to fix whatever has been successfully challenged. R.C. 2953.08; see also Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶ 30. But absent a timely appeal, res judicata generally allows only the correction of a void sanction. Fischer at ¶ 40.
{¶ 10} Given the posture of this case, it is clear that if the trial court was able to correct anything related to Holdcroft’s aggravated-arson sentence, it was able to correct the void postrelease-control sanction that was part of that sentence. But the broader question remains: what effect, if any, does the fact that Holdcroft had completed the valid prison sanction for his aggravated-arson sentence have on the trial court’s ability to impose a postrelease-control sanction for that offense? We conclude that once Holdcroft completed his prison term for aggravated arson, the trial court lost the authority to resentence him for that offense.
{¶ 11} As we noted above, we have consistently held that once an offender has been released from prison, he cannot be subjected to another sentencing to correct the trial court’s flawed imposition of postrelease control. E.g., Bloomer, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 70; and Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at syllabus and ¶ 38. In Simpkins, we noted that “ ‘the power of a sentencing court to correct even a statutorily invalid sentence must be subject to some temporal limit,’ ” id. at ¶ 34, quoting Breest v. Helgemoe (1st Cir.1978), 579 F.2d 95, 101, but we contrasted Simpkins’s situation — he had completed the vast majority of his sentence — with that of defendants who had already been released from prison. Because Simpkins was still serving time for a crime requiring the imposition of a mandatory postrelease-control sanction at the time he was resentenced, we concluded that Simpkins had no legitimate expectation of finality in his sentence and that therefore his resentencing was not barred by double-jeopardy or due-process concerns. Id. at ¶ 31-38. See also State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 9, 28 (defendant was resentenced to add postrelease control as a sanction for a crime before he had fully served his prison sanction for that crime).
{¶ 12} Although both Simpkins and Holdcroft were incarcerated when they were resentenced, Holdcroft had served the entirety of his prison sanction for aggravated arson at the time he was resentenced. We conclude that Holdcroft had a legitimate expectation of finality in the sentence that he had fully served and that his situation is therefore more analogous to Hernandez than to Simpkins.
*532 {¶ 13} The reason that the line of finality and modification authority must be drawn at the sentence level, rather than at the incarceration level, lies in the fact that “Ohio’s felony-sentencing scheme is clearly designed to focus the judge’s attention on one offense at a time.” Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶ 8. The role of the trial judge in Ohio felony sentencing is offense-specific, not incarceration-specific, and a prison sanction that forms a sentence for one offense cannot be packaged with a prison sanction for another offense. See id. at ¶ 8-9.
{¶ 14} To be consistent in sentencing, there must be a distinction between the rule of Fischer and the rule of Hernandez. Fischer’s sanction-correction rule is based on principles of res judicata — while a void sanction may be modified, a valid sanction generally cannot. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 17. But once a valid prison sanction has been served, it is no longer res judicata that acts as a bar to modification; rather, the court has lost jurisdiction to modify the sentence. Hernandez, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, at ¶ 28-30.
{¶ 15} A defendant’s expectation of the finality of his sentence increases as time passes. The defendants in Fischer and Simpkins, whose appeal time had passed, had a greater expectation of the finality of their sentences than the defendant in Saxon, whose case remained on direct review. And the defendants in Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, and Hernandez, who had completed all of the prison sanctions that comprised their sentences, had a greater expectation of the finality of their sentences than the Saxon, Fischer, or Simpkins defendants.
{¶ 16} This court has examined the effect that a defendant’s legitimate expectation of finality has on the court’s authority to modify a sentence, and those cases lend further support to our conclusion here. In State v. Roberts, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, we concluded that “[w]hen a defendant’s sentence is stayed on appeal, but the defendant is released from prison under the assumption that the sentence has been served, the defendant has no expectation of finality in that sentence for purposes of the Double Jeopardy Clause.” Id. at the syllabus. Roberts rests on the accepted general principle that a defendant has no legitimate expectation of finality in a sentence that remains subject to direct review. Id. at ¶ 16, quoting United States v. DiFrancesco, 449 U.S. 117, 136, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (recognizing that “when the legislature has provided the government with a statutory right of appeal, ‘[t]he defendant * * * is charged with knowledge of the statute and its appeal provisions, and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired’ ”). By contrast, in State v. Raber, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, we held that a trial *533 court could not add to the defendant’s punishment by classifying him as a registered sex offender some 14 months after he was originally sentenced. In Raber, we noted that “[t]he Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against the imposition of multiple criminal punishments for the same offense in successive proceedings,” and that “ '[i]f a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited by the double jeopardy clause.’ ” Id. at ¶ 24, quoting United States v. Fogel, 829 F.2d 77, 87 (D.C.Cir.1987). Directly pertinent to the issue here, we held that Raber — who had served the imposed sentence of incarceration — had a legitimate expectation of finality in his sentence and the trial court was precluded from imposing additional punishment upon him.
{¶ 17} Finally, in Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 1, 24, 37, we held that the resentencing of a defendant who had served seven years of an eight-year prison sanction to add a mandatory term of postrelease control to his sentence was not barred by res judicata and did not violate the defendant’s right to due process. We held that there “was no unfair surprise or prejudice” to the defendant and that because he “did not have a legitimate expectation of finality” in his sentence, he could be resentenced “without offending the Double Jeopardy or Due Process Clauses.”
{¶ 18} Together, all of these cases provide a clear demonstration of the role that a defendant’s legitimate expectation of finality plays in constraining a court’s authority to review a sentence, and three principles provide a framework for future reference. First, when a sentence is subject to direct review, it may be modified; second, when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified; and third, when the entirety of a prison sanction has been served, the defendant’s interest in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified. Put another way, either the defendant or the state may challenge any aspect of a sentence so long as a timely appeal is filed. See, e.g., R.C. 2953.08 and DiFrancesco at 132. But once the time for filing an appeal has run, Ohio courts are limited to correcting a void sanction. Fischer at ¶ 27. And once the prison-sanction portion of a sentence for a crime has been fully served, the structure of Ohio felony-sentencing law and the defendant’s legitimate expectation in finality in his sentence prevent a court from further modifying the sentence for that crime in any way. A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense. Although it is true that some other sanctions (such as restitution) may yet be outstanding, a sentence served is a sentence completed.
*534 CONCLUSION
{¶ 19} Neither this court’s jurisprudence nor Ohio’s criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense. It is irrelevant whether the defendant is still in prison for other offenses. Because Holdcroft was no longer serving a prison sanction for the offense of aggravated arson, the trial court was not. authorized to impose a mandatory five years of postrelease control for that offense. We therefore reverse the judgment of the court of appeals and remand this cause to the trial court with instructions to vacate the imposition of postrelease control for Holdcroft’s aggravated-arson offense.
Judgment reversed and cause remanded.
O’Connor, C.J., and Pfeifer and French, JJ., concur.
Lanzinger, J., concurs in judgment and concurs separately.
O’Donnell and Kennedy, JJ., dissent and would affirm the judgment of the court of appeals.