[Cite as *State v. Welch*, 2015-Ohio-284.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

COREY ALAN WELCH

    Appellant

C.A. No.     27212

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 12 12 3344

DECISION AND JOURNAL ENTRY

Dated: January 28, 2015

---

BELFANCE, Presiding Judge.

{¶1} Corey Welch appeals from his convictions in the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} On November 28, 2012, police received a report that a 12-year-old girl had been sexually assaulted. The victim told the officers who arrived on scene that she thought she had been drugged, had had her clothes removed, and that Mr. Welch may have taken pictures of her while she was undressed. One of the officers spoke with Detective Joe Holsopple on the phone and told him that it appeared that Mr. Welch was doing something with his phone. Detective Holsopple told the officer to confiscate Mr. Welch's phone.

{¶3} Mr. Welch was detained for questioning and taken down to the police station. After questioning Mr. Welch, the officers placed him under arrest. Although the timeline is unclear, at some point that day the victim's mother ("Mother") contacted the police and told

them that she did not want Mr. Welch's items in the home any longer and that she planned to throw them out on the curb. Detective Holsopple advised her not to do that and said that an officer would be over shortly to collect Mr. Welch's things. An officer drove to the home and took Mr. Welch's personal items contained in a duffel bag. The next day, the police secured a search warrant for both the phone and the duffel bag.

{¶4} Mr. Welch was indicted for rape of a minor less than 13 years of age, gross sexual imposition, and two counts of corrupting another with drugs. A supplemental indictment charged Mr. Welch with two counts of kidnapping, two counts of sexual battery, an additional count of rape, and illegal use of a minor in nudity-oriented material. Mr. Welch moved to suppress the evidence recovered from the search of his cell phone and duffel bag, and the trial court denied his motion. Mr. Welch subsequently pleaded no contest to the charges, and the trial court sentenced him to an aggregate prison term of 41 years to life.

{¶5} Mr. Welch has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING WELCH'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM HIS PERSON AND RESIDENCE IN VIOLATION OF ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶6} Mr. Welch argues in his first assignment of error that the trial court erred in denying his motion to suppress because the officers violated his rights under the Fourth Amendment to the Constitution of the United States and Article I, Section 10 of the Ohio Constitution when they seized his duffel bag and phone without a warrant. We disagree.

{¶7} The Supreme Court of Ohio has held that

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶8} The trial court made the following findings of fact. Mr. Welch had been staying with the victim's family for approximately one week prior to the reported incident and had been sleeping on a couch in the family living room. On November 28, 2012, the police received a report of a sexual assault involving a minor child. When the police arrived, the victim told them that she had woken up naked to find Mr. Welch taking pictures of her. "Officers observed [Mr. Welch] holding his cell phone and were concerned that he may be deleting evidence, i.e. photographs of the minor victim." Officers secured Mr. Welch's cell phone, and he was taken to the police department for questioning and subsequently arrested. "Later that day, [Mother] telephoned the police station and stated that [Mr. Welch] did not live there, that she didn't want his property there and that she was going to throw [his] personal belongings 'out on the curb[.]'" The officer told her not to do that and an officer returned to the house and took Mr. Welch's duffel bag, computer, and other items. The officer took the belongings to the police station and obtained a search warrant for the items the next day.

{¶9} Neither party has challenged the factual findings of the trial court, and our own review of the evidence leads us to conclude that the trial court's findings of fact are supported by competent, credible evidence. Thus, we accept the trial court's findings as true. *Id.* at ¶ 8.

{¶10} Mr. Welch argues that the warrantless seizures of his phone and his duffel bag violated his rights pursuant to the Fourth Amendment to the United States Constitution and

Article I, Section 10 of the Ohio Constitution. The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution both protect individuals from unreasonable searches. *State v. Roberts*, 9th Dist. Medina No. 13CA0065-M, 2014-Ohio-4126, ¶ 6. The touchstone of the Fourth Amendment is reasonableness. *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). "Searches and seizures conducted outside the judicial process are per se unreasonable under the Fourth Amendment, subject to well-delineated exceptions." *State v. Robinson*, 9th Dist. Summit No. 26741, 2014-Ohio-579, ¶ 13, citing *Katz v. United States*, 389 U.S. 347, 357 (1967). One such exception is when officers seek to prevent the imminent destruction of evidence. *Stuart* at 403.

{¶11} Because police secured Mr. Welch's phone and bag at different points in time, we address his arguments separately.

**The Phone**

{¶12} Mr. Welch does not appear to dispute that the police were justified in seizing the phone when they observed him on it in order to prevent the destruction of evidence. *See id*. Instead, he argues that, "once the phone was secured from [him] and was under the care, custody, and control of law enforcement, it would have been proper to request a warrant prior to permanently depriving him of his property."

{¶13} Apparently, Mr. Welch believes that the police needed to immediately procure a warrant in order to continue seizing his phone. However, the next day, the police did obtain a warrant prior to searching his phone. Thus, it is unclear whether Mr. Welch believes that the warrant was insufficient to continue to seize his phone (i.e., the warrant only permitted the police to search his phone but not to seize it) or that the 24-hour period from the point when the police seized the phone and when the warrant was issued rendered the seizure unconstitutional.

Although it would appear that a search warrant implicitly grants authority to seize the item that is the object of the search, Mr. Welch has not cited any authority for either proposition, nor has he developed either argument. *See* App.R. 16(A)(7). Accordingly, given the limited appellate argument, Mr. Welch's first assignment of error is overruled to the extent it challenges the police's seizure of his phone.

**The Duffel Bag and Other Items**

{¶14} Mr. Welch also argues that the seizure of his personal property left at the house violated the Fourth Amendment and Article I, Section 10 of the Ohio Constitution because it was seized without a warrant and no exception to the warrant requirement applied.

{¶15} As noted above, Detective Holsopple received a phone call from Mother, who told him that she had found Mr. Welch's personal items in her home and that she planned to throw them out onto the curb. Detective Holsopple was concerned that evidence could be destroyed so he sent Officer Laurenti to retrieve the items. Mr. Welch does not seem to suggest that the threat of Mother to throw his possessions out of the house was not an exigent circumstance. *See Stuart*, 547 U.S. at 403 (Warrantless seizure permitted to prevent the destruction of evidence.). Instead, he argues that Detective Holsopple negated the potential exigency by having told Mother not to throw out the evidence. He suggests that, since Detective Holsopple told Mother not to throw out the evidence, police should have sought a warrant or obtained Mr. Welch's consent to seize the duffel bag.

{¶16} We reiterate that the touchstone of Fourth Amendment analysis is one of reasonableness and that the question is whether the police officers' actions were reasonable under the totality of the circumstances. *See Stuart*, 547 U.S. at 403. *See also Missouri v. McNeely*, ___ U.S. ___, 133 S.Ct. 1552, 1559 (2013). In this case, Mother had just learned that

her 12-year-old daughter claimed that Mr. Welch had drugged, sexually abused, and photographed her while he was babysitting her. Thus, even though Detective Holsopple had told Mother to not discard Mr. Welch's personal property, we cannot say that his concern that Mother would ignore his directive was unreasonable under the circumstances. On the whole, the record supports the conclusion that exigent circumstances existed such that it was reasonable for police to recover the bag prior to it being discarded.[1] Therefore, we cannot conclude that the police's seizure of Mr. Welch's belongings was unreasonable under the circumstances of this case.

{¶17} Accordingly, Mr. Welch's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED WELCH TO CONSECUTIVE MAXIMUM TERMS FOR EACH CHARGE FOR WHICH HE WAS CONVICTED.

{¶18} In Mr. Welch's second assignment of error, he challenges the trial court's imposition of consecutive, maximum sentences.

{¶19} This Court reviews sentences pursuant to the two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912.

> First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.

*Id.* at ¶ 26. "An abuse of discretion implies that the court's decision is arbitrary, unreasonable, or unconscionable." *Smith v. Smith*, 9th Dist. Summit No. 26013, 2012-Ohio-1716, ¶ 8, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

---

[1] We note that, while Mother could not give police permission to search Mr. Welch's belongings, police might be warranted in taking the belongings into custody had she delivered them to police. *See Georgia v. Randolph*, 547 U.S. 103, 116 (2006), citing *Coolidge v. New Hampshire*, 403 U.S. 443, 489 (1971).

**{¶20}** "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *State v. Foster*, 109 Ohio St.3d 2006-Ohio-856, paragraph seven of the syllabus.

> [N]evertheless, in exercising its discretion, the [trial] court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.

*State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

**{¶21}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). R.C. 2929.12 in turn provides that a sentencing judge has discretion to determine the most effective means of complying with the purposes and principles of sentencing. In exercising its discretion, the sentencing judge "shall consider" seriousness and recidivism factors pertinent to the ultimate achievement of the purposes of felony sentencing articulated in R.C. 2929.11(A). R.C. 2929.12(A). R.C. 2929.12(B) includes factors that suggest that the offense is more serious. R.C. 2929.12(C) includes factors suggesting the offense is less serious. The recidivism factors—factors indicating an offender is more or less likely to commit future crimes—are set forth in R.C. 2929.12(D) and (E). In addition, with respect to consecutive sentences, the trial court was required to comply with R.C. 2929.14(C)(4), which provides,

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and

to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶22}** At the sentencing hearing, the trial court imposed sentence after

having considered the presentence investigation, the statements of counsel, all information before the Court, based upon the facts and circumstances, consideration of the relevant sentencing factors, applying the minimum sanction that the Court has determined will protect the public and punish you without imposing an unnecessary burden on State or local resources, [and] considering all the seriousness and recidivism factors[.]

**{¶23}** Mr. Welch acknowledges that, "[o]n its face," it appears that the trial court addressed the statutory requirements of R.C. 2929.11, R.C. 2929.12, and R.C. 2929.14(C)(4). Nevertheless, he points to the trial court having expressly identified aggravating seriousness factors without similar express consideration of the mitigating recidivism factors enumerated in 2929.12(D) and (E). Mr. Welch appears to suggest that the trial court acted contrary to law because it failed to engage in the statutorily mandated sentencing inquiry. *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶ 26. However, we do not find that argument well taken in light of the record. Notwithstanding, Mr. Welch also suggests that the trial court did not weigh the recidivism factors when juxtaposed with the seriousness factors, essentially arguing that the trial court abused its discretion. Again, based on the record before us, we do not find that argument well taken.

**{¶24}** We note that, in making this argument, Mr. Welch addresses the length of his prison terms in the aggregate rather than on an individual basis. *See State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 6, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 8 ("'Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time.'"). *See also Saxon* at paragraph two of the syllabus ("The sentencing-package doctrine has no applicability to Ohio sentencing laws: the sentencing court may not employ the doctrine when sentencing a defendant and appellate courts may not utilize the doctrine when reviewing a sentence or sentences."). In addition, Mr. Welch does not point to any portion of the record to suggest that the imposition of a maximum sentence for the offense of corrupting a minor with drugs or illegal use of a minor in nudity-oriented material was an abuse of discretion, nor does he suggest that the record does not support the trial court's findings pursuant to R.C. 2929.14(C)(4) for imposing consecutive sentences. *See* App.R. 16(A)(7).

**{¶25}** Based on Mr. Welch's argument and our own review of the record, we cannot conclude that the trial court failed to comply with all applicable rules and statutes in imposing sentence such that Mr. Welch's sentence is clearly and convincingly contrary to law. Nor can we conclude that the trial court abused its discretion in its imposition of maximum terms of imprisonment it ultimately imposed upon Mr. Welch or in its decision to order the terms be run consecutively. Accordingly, his second assignment of error is overruled.

III.

**{¶26}** Mr. Welch's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DONALD J. MALARCIK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.