[Cite as *State v. Trammell*, 2016-Ohio-1317.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2015 CA 00151 |
| YUSEF TRAMMELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:  Criminal Appeal from the Court of Common Pleas, Case Nos. 2012 CR 01221 and 2012 CR 01265


JUDGMENT:  Affirmed


DATE OF JUDGMENT ENTRY:  March 28, 2016


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
KATHLEEN O. TATARSKY
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

For Defendant-Appellant

YUSEF TRAMMELL
PRO SE
M.C.I.
Post Office Box 57
Marion, Ohio  43301

*Wise, P. J.*

{¶1} Appellant Yusef Trammell, aka Yusef Trammel, appeals from the denial of his *pro se* post-sentence motions in the Court of Common Pleas, Stark County. The relevant facts leading to this appeal are as follows:

{¶2} In September 2012, as a result of appellant's forced entry and corresponding assault on Darin Hutchinson at the victim's residence in Massillon, Ohio, the Stark County Grand Jury indicted appellant (case number 2012CR1221) on one count of aggravated burglary, R.C. 2911.11(A)(1), a first-degree felony, and one count of harassment with a bodily substance, R.C. 2921.38(B), a felony of the fifth degree. The aggravated burglary charge carried a repeat violent offender specification under R.C. 2929.01(CC) and 2941.149.

{¶3} The case proceeded to a jury trial. After hearing the evidence, the jury returned with a verdict of guilty to the crime of aggravated burglary but not guilty to the crime of harassment with a bodily substance. The trial court ultimately sentenced appellant on November 20, 2012 to ten years on the aggravated burglary conviction and no time on the RVO specification.

{¶4} Appellant subsequently filed a direct appeal to this Court. He raised four Assignments of Error, including a claim that the trial court had erred in sentencing him to a non-minimum and (purportedly) maximum prison term. On September 30, 2013, we affirmed the judgment of the Stark County Court of Common Pleas. *See State v. Trammel*, 5th Dist. Stark No. 2012CA00237, 2013-Ohio-4354.

{¶5} In the meantime, appellant was indicted by the Stark County Grand Jury in case number 2012CR1265 for possession of cocaine. Appellant ultimately pled guilty in

said case, and he was sentenced (also on November 20, 2012) to six months in prison and a discretionary period of up to three years of post-release control. The sentence was imposed concurrently with his sentence in case number 2012CR1221, referenced above. Appellant took no direct appeal from case number 2012CR1265.

{¶6} On June 11, 2015, appellant filed under case number 2012CR1221 a *pro se* "motion for sentencing" and under 2012CR1265 a motion to withdraw guilty plea, along with a request for a hearing for both motions.

{¶7} The trial court denied the aforesaid motions on July 17, 2015.

{¶8} Appellant filed a notice of appeal on August 12, 2015. He herein raises the following two Assignments of Error:

{¶9} "I. WHETHER THE TRIAL COURT'S FAILURE TO PROPERLY IMPOSE TERM(S) OF POSTRELEASE CONTROL (TO INCLUDE THE CONSEQUENCES OF A VIOLATION OF SAME) AND TO ASSESS WHETHER (ON RESENTENCING) DEFENDANT HAD FULLY COMPLETED ONE OR MORE OF THE UNDERLYING PRISON TERM [SIC] IMPLICATES A FINAL APPEALABLE ORDER, AND OFFENDS DUE PROCESS THEREBY RENDERING THE ATTEMPTED JUDGMENT (AND THE UNDERLYING GUILTY PLEAS) A NULLITY AND VOID.

{¶10} "II. WHETHER A TRIAL COURT MAY 'CHANGE THE INITIALLY ORDERED PUNISHMENT' ON RESENTENCING SO AS TO INCREASE THE PENALTY INITIALLY IMPOSED ON A PARTICULAR OFFENSE."

I.

**{¶11}** In his First Assignment of Error, appellant appears to argue that the trial court (1) failed to properly impose post-release control in 2012 and (2) failed to assess whether he had completed any prison terms at the time of his purported "resentencing."

**{¶12}** Generally, an appellate court will indulge a *pro se* litigant where there is some "semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005–Ohio–6494, ¶ 4 (internal quotation omitted). The basic structure of appellant's brief herein comports with App.R. 16, but we must initially make note of the difficulty we face in ascertaining the precise nature of appellant's arguments, in part due to appellant's confusing approach of appearing to attack both trial court decisions simultaneously, frequently without clarifying which case he is challenging. Furthermore, appellant makes reference above to "the underlying guilty pleas," yet case number 2012CR1221 involved a jury trial, and no guilty plea was taken. Having reviewed appellant's brief and reply brief, we find appellant's claim of improper post-release control goes to case number 2012CR1265, while his challenge regarding the claimed failure of the trial court to assess whether he had completed any prison terms goes to case number 2012CR1221.

**{¶13}** In *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, the Ohio Supreme Court held in pertinent part that "[a] sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.,* at paragraph one of the syllabus. *See, also,* R.C. 2929.191.

{¶14} In case 2012CR1265, appellant pled guilty to possession of cocaine, a fifth-degree felony, and he was sentenced to six months in prison and a discretionary period of three years of post-release control. R.C. 2967.28(C) states as follows: "Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender. ***."

{¶15} Upon review of the pertinent sentencing entry, we find no merit in appellant's claim of improper imposition of post-release control. We emphasize it is not the duty of an Ohio appellate court to create arguments for the parties and search the record for evidence to support them. *See Sisson v. Ohio Department of Human Services,* Medina App.No. 2949–M, 2000 WL 422396.

{¶16} Also in regard to case 2012CR1265, appellant contends the trial court failed to provide him notification under R.C. 2943.032, which states as follows: "Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony, if the court imposes a prison term upon the defendant for the felony, and if the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months."

{¶17} However, the aforesaid statute applies to issues of plea colloquies, not issues of improperly imposed post-release control. *See State v. McCallister*, 9th Dist. Summit No. 26722, 2013-Ohio-5559, ¶ 5 (addressing former R.C. 2943.032(E)). As such, we find appellant cannot take advantage of the rule of *Fischer*, *supra*, and his claimed error in this regard is now untimely.

{¶18} Appellant lastly claims the trial court erred in failing to assess whether he had completed any of his prison terms, under case number 2012CR1221, when he was "resentenced" by the trial court. Appellant directs us to *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, in which the Ohio Supreme Court held: "A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *Id.*, at paragraph three of the syllabus.

{¶19} As a background, the record in 2012CR1221 reveals that the matter proceeded to sentencing on the aggravated burglary conviction and the RVO specification on November 14, 2012, after the jury returned its verdict. However, the trial court called appellant back to the courtroom the next day to orally clarify that the sentence would be ten years for aggravated burglary and no time on the RVO specification. Both of these hearings were conducted prior to the issuance of the final sentencing entry on November 20, 2012. We therefore find these events did not create a "resentencing" scenario as addressed in *Holdcroft*, *supra*, and appellant's claim is without merit.

{¶20} The trial court did not err in denying appellant's 2015 *pro se* motion(s) seeking to revisit the aforesaid issues.

{¶21} Accordingly, appellant's First Assignment of Error is overruled.

II.

**{¶22}** In his Second Assignment of Error, appellant contends the trial court erred in "resentencing" him to a longer sentence in 2012CR1221.

**{¶23}** As we noted in the final portion of appellant's First Assignment of Error, the trial court called appellant back to the courtroom the day after sentencing to orally clarify that the sentence would be ten years for aggravated burglary and no time on the RVO specification. However, a sentence pronounced in open court does not become final until it has been entered on the journal of the court. *See State v. Johnson,* 6th Dist. Lucas No. L–03–1206, 2005–Ohio–1222, ¶ 33. Thus, no "resentencing" actually occurred in this instance. Moreover, as we have already recognized in our decision upon appellant's direct appeal, the overall sentence at issue was within the statutory range for first-degree felonies. *See Trammel I* at ¶ 36, citing R.C. 2929.14(A)(1). As such, there can be no assertion by appellant of a void or illegal sentence in these circumstances which would overcome the application of *res judicata* to this entire argument. The trial court did not err in denying appellant's 2015 *pro se* motion(s) seeking to revisit this issue.

**{¶24}**  Appellant's Second Assignment of Error is overruled.

**{¶25}**  For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J, concur.

JWW/d 0303