[Cite as *State v. Occhipinti*, 2016-Ohio-3240.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-123** |
| CARMEN OCCHIPINTI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 94 CR 000648.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Carmen Occhipinti,* pro se, PID# 52209-060, FCI Elkton – Federal Correctional Inst., P.O. Box 10, Lisbon, OH 44432 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Carmen Occhipinti, appeals the denial of a motion to find his sentence void and a non-final appealable order by the Lake County Court of Common Pleas. The issue before this court is whether a trial court has jurisdiction over an allegedly void felony sentence after the sentence has been served and the

defendant discharged. For the following reasons, we affirm the decision of the court below.

{¶2} On November 2, 1994, the Lake County Grand Jury indicted Occhipinti on three counts of Grand Theft, felonies of the third degree in violation of R.C. 2913.02 (Counts One, Two, and Three), one count of Theft, a felony of the fourth degree in violation of R.C. 2913.02 (Count Four), and one count of Passing Bad Checks, a felony of the fourth degree in violation of R.C. 2913.11 (Count Five).

{¶3} On February 21, 1995, Occhipinti orally changed his plea and entered a Written Plea of Guilty to Counts One and Two of the Indictment, third-degree Grand Theft.

{¶4} On March 31, 1995, Occhipinti was sentenced to serve "a definite term of incarceration of two (2) years on Count One and a definite term of incarceration of two (2) years on Count Two at the Lorain Correctional Institution in Grafton, Ohio, execution of which is hereby suspended." The court further placed Occhipinti on probation for five years, conditioned on Occhipinti "serv[ing] the first sixty (60) days of probation in the Lake County Jail in Painesville, Ohio" and "mak[ing] full restitution to both of the victims."

{¶5} On May 6, 2005, the trial court entered an Order "that the defendant's probation period be terminated and the defendant discharged."

{¶6} On May 4, 2015, Occhipinti filed a Motion to Find the Judgment Entry Void and a Non-Final Appealable Order for Failing to Comply with the Ohio Revised Code. Occhipinti argued that his sentence, in particular the order to pay restitution, was void on the grounds that "the Trial Court failed to comply with R.C. 2929.18(A)(1), where the

2

court failed to determine a specific amount of restitution, did not list any of the victims, did not describe how restitution would be allocated among the victims and did not incorporate any document providing this information in the judgment entry."

{¶7} Occhipinti further argued that the sentencing court "failed to comply with R.C. 2505.02 and Crim.R. 32(C) to enter a final appealable order, when [it] failed to resolve all action addressing Court costs and restitution"; "failed to comply with R.C. 2947.23(A)(1) when [it] failed to notify the defendant that he could be ordered to perform community service if he failed to pay court costs"; and "failed to include the dismissal of counts 3, 4, and 5 in the journal entry in violation of Crim.[R.] 32(C)."

{¶8} On June 2, 2015, Occhipinti filed a Motion for Summary Judgment and Motion for Judgment on the Pleadings.

{¶9} On June 9, 2015, the State filed its Responses.

{¶10} On June 16, 2015, Occhipinti filed a Pro-Se Reply to State's Responses to Post Conviction Motion and Motion for Summary Judgment, asserting, inter alia, that res judicata did not apply to a void sentence.

{¶11} On October 23, 2015, the trial court entered an Order Denying Motion to Find Judgment Entry Void and Denying Motion for Summary Judgment/Motion on the Pleadings. The court held that the requirements of "R.C. 2929.18 did not take effect until July 1, 1996, or more than one year after the defendant was sentenced," and that "the requirements of R.C. 2947.23(A)(1)" did not exist until the statute was amended, effective March 24, 2003. Finally, the court held that, even if the sentencing entry was not a final order based on alleged violations of R.C. 2505.02 and Crim.R. 32(C), "it

simply means that the order is interlocutory in nature, and possibly not reviewable by an appellate court."

**{¶12}** On November 10, 2015, Occhipinti filed a Notice of Appeal.

**{¶13}** On appeal, Occhipinti raises the following assignment of error:

**{¶14}** "[1.] The Trial Court failed to comply with the statutorily [sic] requirement of the Ohio Revised Code rend[er]ing the Judgment Entry and sentence void and a non-final Appealable order for Four Statutorily requirement [sic]."

**{¶15}** On appeal, Occhipinti argues that the subsequent amendments to the sentencing statutes are applicable in his case because "follow-on sentencing hearings in 1998 [probation violation] and 2003 [reinstatement of original sentence]."[1]

**{¶16}** The determinative fact for the purposes of the present appeal is that Occhipinti's probation was terminated and he was discharged in May 2005. Even a void sentence cannot be corrected after discharge. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 14 ("once a valid prison sanction has been served, it is no longer res judicata that acts as a bar to modification; rather, the court has lost *jurisdiction* to modify the sentence"); *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 34 ("the power of a sentencing court to correct even a statutorily invalid sentence must be subject to some temporal limit") (citation omitted); *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70 (cases cited); *compare* former R.C. 2951.09 ("[a]t the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged").

---

1. The details of Occhipinti's storied custodial history through 2001 are set forth in *State v. Occhipinti*, 11th Dist. Lake No. 2001-L-144, 2003-Ohio-1093, ¶ 1-5 and 18-19.

{¶17} The sole assignment of error is without merit.

{¶18} For the foregoing reasons, the denial of Occhipinti's motion to find his sentence void and a non-final appealable order by the Lake County Court of Common Pleas is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.