[Cite as *State v. Habbas*, 2017-Ohio-2653.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104532**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SALEM S. HABBAS

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-593574-F

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 4, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender

BY:    Noelle A. Powell
          Jeffrey M. Gamso
Assistant Public Defenders
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Mary M. Dyczek
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Salem S. Habbas ("Habbas"), appeals his sentence and raises one assignment of error:

> 1. The trial court erred by improperly employing a sentencing package in sentencing Mr. Habbas.

{¶2} We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶3} Habbas pleaded guilty to three counts of trafficking, all third-degree felonies, and three counts of possessing criminal tools, all fifth-degree felonies. Although none of the charges included mandatory prison time, the parties agreed Habbas would serve prison as part of the plea agreement. The length of the prison term was left to the court's discretion.

{¶4} The trial court sentenced Habbas to 36 months on each of the trafficking convictions to be served concurrently, and 12 months on each of the possessing criminal tools convictions to be served concurrently. However, the trial court ordered the 36-month sentences on the trafficking convictions to be served consecutive to the 12-month prison terms on the possessing criminal tools convictions for an aggregate four-year prison term.

{¶5} Habbas now appeals his sentence.

{¶6} In his sole assignment of error, Habbas argues his sentence is contrary to law because it improperly employed a sentencing packaging in violation of *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.

**{¶7}** In *Saxon*, the Ohio Supreme Court held that Ohio's sentencing scheme does not permit sentencing packages. *Id*. at ¶ 6. The "sentencing package doctrine" is a federal doctrine that requires a sentencing court to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan. *Id*. at ¶ 5. The doctrine arises from the Federal Sentencing Guidelines, which require courts to consider "many multicount and interrelated sentencing enhancements." *Id*. at ¶ 7. Thus, under the sentencing package doctrine, an error within the sentencing package as a whole, even if only on one of multiple offenses, may require modification or vacation of the entire sentencing package due to the interdependency of the sentences for each offense. *Id*. at ¶ 6, citing *United States v. Clements*, 86 F.3d 599, 600-601 (6th Cir.1996). Ohio's felony sentencing scheme is designed to focus the judge's attention on one offense at a time. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 6, citing *Saxon* at ¶ 8. The court in *Saxon* explained that

> [i]nstead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. *See* R.C. 2929.11 through 2929.19. Only after the judge has imposed a separate prison term for each offense may the judge consider in his discretion whether the offender should serve those terms concurrently or consecutively.

*Saxon* at ¶ 9.

**{¶8}** At the sentencing hearing in this case, the court stated in relevant part:

I do think, also, in looking at this overall that the appropriate amount of prison time is four years. So I am imposing a total of four years for all of these counts, and I'm going to divide them up so that it is as follows.

Thus, the court indicated it intended to sentence Habbas to a four-year prison term. However, it did not impose a single comprehensive sentence on Habbas's multiple convictions. Rather, the court imposed individual sentences on each conviction and ordered the sentences on the trafficking convictions to be served concurrently and the sentences on the possessing criminal tools convictions to be served concurrently. It was only after these individual sentences were imposed did the court order the two groups of concurrent sentences to be served consecutive to each other for an aggregate four-year sentence. Therefore, Habbas's sentence is not in violation of *Saxon*'s prohibition against sentencing packages.

{¶9} The sole assignment of error is overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
LARRY A. JONES, SR., J., CONCUR