[Cite as *State v. Bobbitt*, 2019-Ohio-4005.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No. E-19-023

       Appellee                                      Trial Court No. 2011-CR-423

v.

Shedrick H. Bobbitt                             **DECISION AND JUDGMENT**

       Appellant                                     Decided:  September 30, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney,
for appellee.

Shedrick H. Bobbitt, pro se.

* * * * *

**SINGER, J.**

{¶ 1} In this accelerated appeal, appellant, Shedrick Bobbitt, appeals the

March 18, 2019 judgment of the Erie County Court of Common Pleas denying his motion

to vacate his postrelease control.  As appellant was not properly informed of his

mandatory postrelease control sanction, we reverse.

**Facts and Procedural Background**

{¶ 2} On October 4, 2011, appellant was indicted on one count of felonious assault, a felony of the second degree. On July 24, 2011, appellant entered a guilty plea to the charge. The plea form states that appellant "shall have up to 2 years of Post Release Control on each count." Appellant was sentenced to a three-year prison term to run consecutively with other unrelated cases. In the sentencing entry, the trial court stated that appellant "*shall* be supervised after leaving prison for a period up to 3 years of post release control."

{¶ 3} Appellant brings forth one assignment of error:

> The trial court erred by denying Mr. Bobbitt's motion to terminate his void postrelease control supervision.

**Standard**

{¶ 4} Our review of a felony sentence is governed by R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court is permitted to "increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds" that either the record does not support the sentencing court's findings under the applicable sentencing statutes or that the sentence is otherwise "contrary to law."

{¶ 5} "Each sentence to a prison term, other than a term of life imprisonment * * * shall include a requirement that the offender be subject to a period of post-release control

imposed by the parole board after the offender's release from such imprisonment." R.C. 2967.28(B). "[A] period of post-release control required by this division for an offender shall be one of the following periods: * * * For a felony of the second degree that is not a felony sex offense, three years." R.C. 2967.27(B)(2).

{¶ 6} "It is settled that 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing' and that 'any sentence imposed without such notification is contrary to law.'" *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. The trial court is required to incorporate these notices into its journal entry. *Id.*

{¶ 7} "[I]n order to validly impose postrelease control, the trial court must incorporate into its sentencing entry the notifications it provides to the offender relating to postrelease control at the sentencing hearing but that it need not repeat those notifications verbatim in the entry." *Grimes* at ¶ 13. A compliant sentencing entry must provide the parole board the information it needs to execute the postrelease control portion of the sentence. *Id.*

{¶ 8} A technical deficiency in the sentencing entry does not render the entry void where the record as a whole reveals the trial court satisfied all of the statutory requirements for imposing postrelease control. *State v. Boone*, 10th Dist. Franklin No. 2012-Ohio-3653, 975 N.E.2d 546, ¶ 29, citing *State v. Williams*, 10th Dist. Franklin No. 10AP-922, 2011-Ohio-6231, ¶ 21.

3.

**{¶ 9}** "Even though the phrase 'up to' has 'discretionary' connotations, mistaken use of such language does not render defendant's post-release control notification void." (Citations omitted). *Id*. at ¶ 30. "[W]hen a term of post-release control is mandatory, the use of 'up to' language does not necessarily invalidate the imposition of post-release control. Although a sentencing court must comply with statutory requirements, the Supreme Court has not prescribed a 'magic' words test for imposing post-release control * * *." *Williams* at ¶ 19.

**{¶ 10}** The *Williams* court found that a reviewing court must look to the record as a whole to determine if the notifications were properly given to a defendant. *Id*. The Tenth District found that a plea form that notifies the defendant properly of postrelease control and the consequences for violating postrelease control "along with any other written or oral notification of post-release control provided, can be sufficient to satisfy the statutory requirements regarding notification at the sentencing hearing or post-release control and the consequences for violating that supervision." *Id*. at ¶ 17.

**{¶ 11}** "A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *State v. Holcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 18. "[W]hen a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis sic.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of syllabus.

4.

**Analysis**

{¶ 12} Appellant argues that the "up to" language was insufficient to inform appellant that he had a mandatory postrelease control term of three years. Appellee argues that appellant was on notice that he would be required to serve postrelease control because the court ordered that he "shall" be subject to postrelease control.

{¶ 13} Here, appellant was clearly required, per R.C. 2967.28(B)(2), to serve a mandatory term of three years on postrelease control.

{¶ 14} The plea form that appellant signed states that appellant must serve a term of two years on postrelease control. This form is incorrect as appellant was subject to a term of three years of postrelease control. Appellee states this was a spelling error, handwritten number on the plea form is clearly a two.

{¶ 15} The sentencing entry states he must serve a mandatory term of postrelease control of "up to" three years. The language of "up to" is insufficient to inform appellant of his mandatory term of postrelease control. *See State v. Young*, 11th Dist. Trumbull No. 2011-Ohio-4018, ¶ 92 ("Although the trial court used the term 'mandatory' in its sentencing entry, it again used the 'up to' three years language regarding postrelease control. The language used at both the sentencing hearing and in the trial court's judgment entry does not adequately indicate that a three-year term of postrelease control was mandatory."); *State v. Bolden*, 5th Dist. Fairfield No. 17-CA-51, 2018-Ohio-2684, ¶ 9 (use of "up to" does not connote a mandatory sentence of postrelease control); *State v. Davis*, 7th Dist. Belmont No. 15 BE 0034, 2016-Ohio-7319, ¶ 10 ("up to" three years of

5.

postrelease control was improper sentence because proper term is a mandatory term of three years for a felony of the second degree).  Therefore, we find that the sentencing entry also failed to notify appellant of his mandatory term of postrelease control for a period of three years.

{¶ 16} Therefore, the trial court did not properly notify appellant of his requirements for postrelease control at the time of sentencing.  The portion of his sentence relating to postrelease control is therefore void.  The matter is remanded for a new resentencing hearing limited to the imposition of postrelease control on those charges under R.C. 2929.191(C).

{¶ 17} Based on the record before us, it is unclear whether appellant has completed his sentence for his conviction.  If appellant has completed his prison sentence for this conviction, nothing in this decision precludes appellant from asserting that the trial court no longer has the authority to impose postrelease control under *Holcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382.

## Conclusion

{¶ 18} On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed in regards to the imposition of postrelease control.  It is ordered that appellee pay the court costs of this appeal pursuant to App.R. 24.

Judgment reversed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.          _____

                                                                   JUDGE

Thomas J. Osowik, J.

                                             _____

Christine E. Mayle, P.J.                                     JUDGE
CONCUR.

                                                                    _____

                                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.