[Cite as *State v. Bush*, 2017-Ohio-4450.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 16 MA 0016 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ZARYL BUSH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 13 CR 249

JUDGMENT:     Affirmed.

APPEARANCES:
For Plaintiff-Appellee:     Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:     Zaryl Bush, *Pro se*
#643-499
Lake Erie Correctional Institution
501 Thompson Road
P.O. Box 8000
Conneaut, Ohio  44030-8000

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated:  June 21, 2017

WAITE, J.

{¶1} Appellant Zaryl Bush appeals the judgment of the Mahoning County Common Pleas Court denying his motion to withdraw a guilty plea. Appellant contends the trial court erred in failing to address the issue of allied offenses of similar import during the plea colloquy and in failing to advise him on the issue of postrelease control. Appellant also claims that trial counsel was constitutionally ineffective due to a failure to raise the issue of allied offenses. A review of the instant appeal in concert with the history of Appellant's conviction and sentence reveals that Appellant is barred from raising these issues by the doctrine of *res judicata.* Assuming *arguendo* that these issues were properly before us, Appellant fails to establish plain error in his Crim.R. 11 plea and sentencing hearing. Appellant's assignments of error are without merit and the judgment and sentence of the trial court is affirmed.

Factual and Procedural History

{¶2} On June 19, 2013, Appellant pleaded guilty to murder, second and third degree felony child endangering, intimidation, and tampering with evidence in an incident involving his girlfriend's minor child, T.F.

{¶3} On September 22, 2014, this Court affirmed Appellant's convictions and sentence in *State v. Bush*, 7th Dist. No. 13 MA 110, 2014-Ohio-4434 after Appellant's counsel filed a no merit brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶4}** Appellant filed a petition to vacate or set aside his plea and conviction pursuant to R.C. 2953.21 on May 5, 2014. The trial court denied Appellant's motion on June 4, 2014 and no appeal was taken. On December 8, 2015, Appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 which was denied by the trial court on January 12, 2016. Appellant timely appeals that decision.

<u>ASSIGNMENT OF ERROR NO. 1</u>

TRIAL COURT DID NOT COMPLY WITH THE MANDATORY REQUIREMENTS OF CRIMINAL RULE 11 WHEN IT ACCEPTED APPELLANT'S GUILTY PLEAS WITHOUT MAKING A PROPER FINDING UNDER R.C. 2941.25.

**{¶5}** In his first assignment of error, Appellant contends the trial court erred because it failed to address the issue of allied offenses of similar import during his Crim.R. 11 plea colloquy.

**{¶6}** R.C. 2941.25 governs allied offenses, and states:

(A) Where the same conduct by [a] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate

animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶7}** A conviction consists of a guilty verdict and the imposition of sentence or a penalty. *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12. The allied offenses statute serves to protect, not against multiple convictions, but against multiple sentences for allied offenses. *Id.* A determination as to whether an offender has been found guilty of allied offenses of similar import depends on the particular facts of a case because it is informed by the conduct of the offender. *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 26. An offender may be convicted and sentenced for multiple offenses when: "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *Id.* at ¶ 25.

**{¶8}** Once the court determines the offender is guilty of allied offenses of similar import that are subject to merger, R.C. 2941.25 acts as a prohibition on the imposition of multiple sentences. *State v. Damron,* 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17.

**{¶9}** When the accused fails to raise the issue of allied offenses of similar import in the trial court, the accused waives all but plain error. *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3. Plain error is not reversible error unless it is shown to have affected the outcome of the proceeding and a manifest miscarriage of justice has occurred which warrants reversal. *Id.* The accused must show a

reasonable probability that the convictions are, in fact, allied offenses of similar import, committed with the same conduct and without separate animus. *Id.* Moreover, and perhaps most crucially in this matter, any error must be raised in a timely appeal or it will be barred by *res judicata. State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8-9.

**{¶10}** In the instant matter, Appellant failed to raise the issue of allied offenses in the trial court. Appellant also failed to raise the issue on direct appeal and did not appeal the trial court's denial of his petition to vacate his plea. Appellant clearly had multiple opportunities in which the issue could have been raised and he repeatedly failed in this regard. Appellant attempts to argue that murder and child endangerment are allied offenses of similar import, here, because they arose from the same conduct. However, Appellant provides no evidence demonstrating these offenses arose from the same conduct and had no separate animus. We conclude that Appellant's untimely appeal of the issue is precluded by *res judicata.* Nevertheless, Appellant makes no salient argument on which to base a determination that his convictions amounted to allied offenses of similar import. Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED BY MISINFORMING APPELLANT OF THE TERMS OF HIS SENTENCE.

{¶11} In his second assignment of error, Appellant contends his sentence is void as a matter of law because the trial court failed to advise him regarding postrelease control during his Crim.R. 11 plea colloquy.

{¶12} The doctrine of *res judicata* stands for the proposition that,

[A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. (Emphasis deleted.)

*State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Moreover, *res judicata* also bars claims asserted in a motion to withdraw a guilty plea that were, or could have been, raised in the trial court or on direct appeal. *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

{¶13} As earlier discussed, Appellant's counsel filed a motion to withdraw based on *Anders* and *Toney* in his direct appeal. In undertaking our own review pursuant to *Toney,* we determined that the trial court strictly complied with Crim.R. 11(C)(2) with regard to Appellant's constitutional rights and substantially complied with Crim.R. 11 as to Appellant's nonconstitutional rights. See *Bush,* ¶ 19-22. In granting Appellant's appointed counsel's motion to withdraw, we concluded "the trial court complied with Crim.R. 11(C)(2) in addressing [Appellant] and accepting his

guilty pleas[.]" *Id.* at ¶ 22. It is worth noting that the issue of postrelease control was specifically reviewed and was upheld.

**{¶14}** This Court has once previously reviewed Appellant's guilty plea. We held that the trial court properly complied with the mandates of Crim.R. 11 in accepting Appellant's plea, including the requirements regarding notice of postrelease control. Hence, a second review of this issue is now barred by the doctrine of *res judicata.* Appellant's second assignment of error is without merit and is overruled.

## ASSIGNMENT OF ERROR NO. 3

APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE WHEN HE DID NOT OBJECT TO THE SEPARATE CONVICTIONS OR THE IMPOSITION OF SEPARATE, CONSECUTIVE SENTENCES FOR MURDER AND ENDANGERING CHILDREN, WHEN THOSE CHARGES WERE ALLIED OFFENSES OF SIMILAR IMPORT. STRICKLAND V. WASHINGTON, 466 U.S. 668, 687-88 694, 104 S.CT. 2052, 80 L.ED.2D 674 (1984); STATE V. BRADLEY, 42 OHIO ST.3D 136, 141-42, 538 N.E.2D 373, 379 (1989); SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION; SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

**{¶15}** In his third assignment of error Appellant argues that his trial counsel was ineffective in failing to raise the issue of allied offenses of similar import.

**{¶16}** To prevail on an ineffective assistance of counsel claim, Appellant must show not only that counsel's performance was deficient, but also that he was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also State v. Williams,* 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 107. "Deficient performance" is defined as performance that falls below an objective standard of reasonable representation. *Strickland* at 687-688.

**{¶17}** Prejudice is shown when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. Appellant's burden in an ineffective assistance challenge is to demonstrate some action or inaction by trial counsel that undermined or called into question the integrity of the process that resulted in conviction. *State v. Calhoun,* 86 Ohio St.3d 279, 289, 714 N.E.2d 906 (1999).

**{¶18}** When evaluating conduct of trial counsel, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Wesson,* 137 Ohio St.3d 309, 2013-Ohio-4575, 999 N.E.2d 557, ¶ 81.

**{¶19}** Appellant's entire ineffective assistance of counsel claim is based on trial counsel's failure to raise the issue of allied offenses of similar import. Appellant's claim is problematic, because it is being raised for the first time. Where appellate counsel is different than trial counsel, the issue of ineffective assistance must be raised on direct appeal. *Perry*, *supra*, paragraph nine of the syllabus; *State v. Cole,* 2

Ohio St.3d 112, 443 N.E.2d 169 (1982); *State v. Lentz*, 70 Ohio St.3d 527, 530, 639 N.E.2d 784 (1994); *State v. Pierce,* 127 Ohio App.3d 578, 585, 713 N.E.2d 498 (1998). Failure to raise the issue of ineffective assistance of trial counsel on direct appeal invokes the bar of *res judicata. Cole, supra,* at syllabus.

**{¶20}** An exception to *res judicata* exists when an appellant presents new, competent, relevant and material evidence *dehors* the record. *State v. Smith,* 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985). This outside evidence must possess some threshold level of cogency. *State v. Lynch*, 1st Dist. No. C-010209, 2001 WL 1635760 (Dec. 21, 2001), at *3. The outside evidence must be more than marginally significant, cannot be cumulative to evidence presented at trial, and must advance the claim beyond mere hypothesis and a desire for further discovery. *State v. Lawson,* 10th Dist. No. 02AP-148, 2002-Ohio-3329, at ¶ 15.

**{¶21}** In his appellate brief, Appellant states only:

Trial counsel remained totally silent when the trial court imposed consecutive sentences on murder and endangering children in which the court failed to comply with Crim.R. 11 and R.C. 2941.25 should have merged as allied offenses of similar import.

Why nobody said nothing when the court announced the two sentences is beyond comprehension.

(Appellant's Brf., p. 8.)

**{¶22}** Appellant's sole basis for asserting ineffective assistance of counsel, then, is the failure to raise the issue of allied offenses. As earlier discussed, we have

determined that the trial court did not err in accepting Appellant's guilty plea. The issue of allied offenses was not raised at any time either in the trial court or during Appellant's previous appeal. Moreover, Appellant was represented by different counsel on appeal who failed to raise an ineffective assistance of counsel claim. Not only did appellate counsel fail to raise the issue on direct appeal but, to the contrary, counsel filed a no merit brief, citing this Court's decision in *Toney* and asserting that no meritorious issue existed warranting appeal. Appellant now, at this late date, raises an ineffective assistance of counsel claim based solely on a silent record. Appellant has not introduced any additional evidence *dehors* the record to justify further consideration of the issue and this assignment of error is also meritless.

**{¶23}** Based on the foregoing, Appellant's claims regarding allied offenses of similar import, alleged failure of the trial court to address postrelease control and Appellant's claim of ineffective assistance of trial counsel for failing to raise the alleged allied offense issue are all barred by *res judicata.* Assuming arguendo they were not, there is nothing in this record to substantiate appellant's claims regarding these issues. Appellant's assignments of error are entirely meritless and the judgment of the trial court is affirmed in full.

DeGenaro, J., concurs.

Robb, P.J., concurs.