[Cite as *State v. Parrish*, 2013-Ohio-5622.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

WILLIAM V. PARRISH, III

      Defendant-Appellant


Appellate Case No.    25599

Trial Court Case No.   2012-CR-2877

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 20th day of December, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P.O. Box 291771, Kettering, Ohio 45429
      Attorney for Defendant-Appellant

WILLIAM V. PARRISH, III, Inmate No. 676-497, Chillicothe Correctional Institution, P.O. Box 7010, Chillicothe , Ohio 45601
      Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendant-Appellant, William V. Parrish, III, appeals from his conviction and sentence on one count of Felonious Assault following a jury trial.   Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), wherein he recites that he has found no potential assignments of error having arguable merit. We have performed our duty, under *Anders,* to review the record independently, and we also find no potential assignments of error having arguable merit.

{¶ 2}    Parrish was indicted by the Montgomery County Grand Jury on one count of Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree.   The charge arose from Parrish beating and seriously injuring a fellow bar patron in the restroom of Shag's Tavern on South Smithville Road in Dayton, Ohio.   Parrish pled not guiltily to the charge, and the matter was tried before a jury.   The jury found Parrish guilty as charged.

{¶ 3}    During Parrish's sentencing, the trial court considered the seriousness and recidivism factors of R.C. 2929.12.   The court found that Parrish had caused serious physical harm to the victim, and that he had a prior criminal record.   Specifically, Parrish had been convicted of Aggravated Robbery, a first-degree felony, and Felonious Assault, a second degree-felony, in Montgomery County Common Pleas Court Case No. 2005-CR-4319.   Pursuant to R.C. 2929.13(F) and 2929.14(A)(2), the trial court sentenced Parrish to a mandatory prison term of seven years.

{¶ 4}    Parrish has appealed his conviction and sentence.   His appellate counsel has filed a brief pursuant to *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493, stating that he can find no potential assignments of error having arguable merit.   By entry filed on July 16, 2013,

Parrish was advised that an *Anders* brief had been filed on his behalf, and he was given 60 days from that date to file his own pro se brief. He has not filed a pro se brief.

**{¶ 5}** In *Anders*, the United States Supreme Court held that if counsel does a conscientious examination of the case and determines an appeal to be frivolous, counsel should advise the court and request permission to withdraw. *Id. at* 744. Counsel must also give the appellant a copy of the brief along with the request to withdraw. *Id.* The appellant must be given sufficient time to raise any matters he so chooses. *Id.* After those requirements are satisfied, the appellate court must conduct a thorough examination of the proceedings to determine if the appeal is actually frivolous. *Id.* A frivolous appeal is "one that presents issues lacking in arguable merit." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Citation omitted.) *Id.* If the appellate court determines the appeal is frivolous, it may then grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or the court can proceed to a decision on the merits if state law requires it. *Anders* at 744.

**{¶ 6}** In this case, the requirements in *Anders* have been satisfied. After conducting a thorough, independent review of the proceedings, we found no potential assignments of error having arguable merit. Accordingly, Parrish's appeal is wholly frivolous, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
J. David Turner
William V. Parrish, III
Hon. Frances E. McGee