[Cite as *State v. Wonders*, 2017-Ohio-7268.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 17-CA-12 |
| | : | |
| JASON M. WONDERS, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
                             Common Pleas, Case No. 15 CR 003

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      August 15, 2017

APPEARANCES:

For Plaintiff-Appellee:                      For Defendant-Appellant:

NATE HURST                                   ROBERT C. BANNERMAN
Assistant Prosecuting Attorney               P.O. Box 77466
Licking Co. Prosecutor's Office              Columbus, OH 43207-0098
20 S. Second St., 4th Floor
Newark, OH 43055

*Delaney, P.J.*

{¶1}   Appellant Jason M. Wonders, Jr. appeals from his conviction and sentence upon one count of burglary following a plea of guilty. Appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), asserting he found no potential assignments of error having arguable merit. We have performed our duty, under *Anders,* to review the record independently, and we also find no potential assignments of error having arguable merit.  *See, State v. Parrish*, 2nd Dist. Montgomery No. 25599, 2013-Ohio-5622, ¶ 1.

{¶2}   Appellee is the state of Ohio and did not appear.

## FACTS AND PROCEDURAL HISTORY

{¶3}   The following facts are adduced from the record of the change-of-plea hearing on April 3, 2017.

{¶4}   On December 18, 2014, someone forced entry into a residence in Newark, Ohio and stole a .357 handgun, an X-Box 360, a laptop computer, video games, movies, and a black duffel bag.  The homeowner provided Newark police with the name of a suspect, appellant, and an investigation was launched.  Police discovered appellant sold some of the stolen video games at "Bryan's Video Trader" in Heath, Ohio.  During an interview with a detective, appellant admitted he entered the home with a drawstring bag to steal items, but the bag he brought with him was too small so he stole the black duffel bag to transport the stolen items.  Appellant returned the laptop and the X-Box.  Appellee stated appellant was also helpful in identifying the person now in possession of the stolen handgun.

{¶5} Appellant waived prosecution by indictment and was charged by bill of information with one count of burglary pursuant to R.C. 2911.12(A)(3), a felony of the third degree.

{¶6} On March 9, 2015, appellant entered a counseled plea of guilty as charged and the trial court imposed a 5-year term of community control.

{¶7} On March 10, 2016, appellee filed a motion to revoke appellant's community control due to numerous violations of conditions, including, e.g., drug use and failure to report to probation officers and treatment programs.

{¶8} On March 14, 2016, appellee moved to dismiss revocation proceedings against appellant because he was placed in a halfway house. The trial court granted the motion to dismiss; successful completion of the halfway house program was added as a condition of appellant's community control.

{¶9} On May 13, 2016, appellee again moved to revoke appellant's community control on the same grounds, in addition to appellant's unsuccessful termination from the halfway house. A magistrate found probable cause to continue revocation proceedings and counsel was appointed.

{¶10} On June 1, 2016, appellant appeared before the trial court, waived his right to a hearing and admitted violating the conditions of community control. The trial court thereupon imposed a prison term of one year and a discretionary 3-year period of post-release control.

{¶11} On December 30, 2016, appellee filed a motion for post-release control resentencing, noting appellant's burglary conviction required a mandatory 3-year period of post release control pursuant to R.C. 2967.28(B)(3). The trial court again appointed

counsel for appellant and scheduled a hearing via video conference pursuant to R.C. 2929.191(C).

{¶12} On January 20, 2017, appellant filed a motion to dismiss and memorandum in opposition to resentencing.  Also on that date, the trial court overruled the motion to dismiss and re-imposed the one-year prison term with a mandatory 3-year period of post release control.

{¶13} Appellant now appeals from his conviction and sentence. Appellate counsel has filed a brief pursuant to *Anders,* supra, stating that he can find no potential assignments of error having arguable merit. By entry filed on May 26, 2017, appellant was advised that an *Anders* brief had been filed on his behalf, and he was advised to file his own pro se brief on or before June 21, 2017. Appellant has not filed a pro se brief.

{¶14} Appellate counsel raised the following sole assignment of error:

**ASSIGNMENT OF ERROR**

{¶15} "COUNSEL MOVES THIS COURT TO CONDUCT AN INDEPENDENT REVIEW OF THE RECORD IN ACCORDANCE WITH *ANDERS V. CALIFORNIA*, 386 U.S. 738 (1967) TO DETERMINE WHETHER PREJUDICIAL ERROR OCCURRED."

**ANALYSIS**

{¶16} In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient

time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶17} Counsel in this matter has followed the procedure in *Anders*. In the brief, counsel acknowledges the trial court's actions in resentencing appellant to impose the mandatory term of post-release control complies with the decisions of the Ohio Supreme Court in, e.g., *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 and *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382.

{¶18} An appeal is wholly frivolous if the record is devoid of any legal points arguable on the merits. *State v. Middaugh*, 5th Dist. Coshocton No. 02 CA 17, 2003-Ohio-91, ¶ 13. If the appellate court determines the appeal is frivolous, it may then grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or the court can proceed to a decision on the merits if state law requires it. *Anders* at 744.

{¶19} In this case, the requirements in *Anders* have been satisfied. Upon our independent review of the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Licking County Court of Common Pleas. See, *State v. Hill*, 5th Dist.

Licking No. 15-CA-13, 2016-Ohio-1214, ¶ 20, appeal not allowed, 147 Ohio St.3d 1412, 2016-Ohio-7455, 62 N.E.3d 185.

## CONCLUSION

{¶20} Counsel's motion to withdraw is granted.  The judgment of the Licking County Court of Common Pleas is affirmed.

By:  Delaney, P.J.,

Wise, John, J. and

Wise, Earle, J., concur.