[Cite as *State v. Clagg*, 2022-Ohio-4255.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 22AP-106 |
| v. | : | (C.P.C. No. 18CR-116) |
| Michelle Clagg, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 29, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Taylor M. Mick.*

**On brief:** *Yeura R. Venters*, Public Defender, and *George M. Schumann.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, Michelle Clagg, appeals from the February 8, 2022 entry of the Franklin County Court of Common Pleas, purporting to impose a five-year period of post-release control upon her after her release from incarceration. For the following reasons, we sustain Ms. Clagg's assignment of error and vacate the judgment of the trial court.

{¶ 2} Plaintiff-appellee, State of Ohio, filed a four-count indictment against Ms. Clagg on January 9, 2018. The indictment stated two counts of engaging in solicitation after a positive HIV test, a third-degree felony under R.C. 2907.24, and two counts of loitering to engage in solicitation after a positive HIV test, a fifth-degree felony under R.C. 2907.241. (Jan. 9, 2018 Indictment.) Ms. Clagg then entered a plea of guilty to one

count of engaging in solicitation after a positive HIV test and one count of loitering to engage in solicitation after a positive HIV test. (May 24, 2018 Entry of Guilty Plea.) For both offenses, the plea form specified that with the imposition of a prison term, the trial court might also impose an "Optional" period of "Up to Three Years" of post-release control. *Id.* at 2. During the plea colloquy, the trial court asked Ms. Clagg if she understood that if she ended "up in prison as a result of this plea, once released from prison, there could be an optional three years supervision by the Adult Parole Authority of Ohio?" (May 24, 2018 Tr. at 5.) Ms. Clagg stated that she understood, and that she had read and understood the plea agreement that she signed. *Id.* at 4-5. At sentencing, the trial court imposed a three-year period of community control, with a reserved four-year prison term if Ms. Clagg violated the conditions of community control. (May 25, 2018 Jgmt. Entry.)

{¶ 3} Unfortunately, Ms. Clagg did violate those conditions, resulting in a revocation of community control. The trial court modified the reserved four-year prison term, as permitted by R.C. 2929.15(B), to a three-year term by running the sentences for the two offenses concurrently. *See State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 22 (noting that R.C. 2929.15(B) allows that "the trial judge could choose to impose a lesser term of imprisonment than the one the offender was informed of" when imposing a community control sanction). The trial court did not mention post-release control at the resentencing hearing. (Dec. 10, 2019 Tr. at 5.) The resentencing entry recommended to the Adult Parole Authority that "post-release control be imposed." (Dec. 12, 2019 Revocation Entry.)

{¶ 4} After Ms. Clagg finished serving her sentence, the trial court summoned her for a hearing, explaining that she was "brought back" to court "for something real simple." (Feb. 8, 2022 Tr. at 2.) The trial court explained that the period of post-release control imposed at sentencing "should have been for a five year [period] mandatory," but the trial court "didn't say that on the record" at the hearing and proceeded to impose post-release control on Ms. Clagg. *Id.* at 2-3. Her attorney objected, arguing that the trial court's failure to correctly impose post-release control before resulted in a voidable sentence that could only be corrected by direct appeal. *Id.* at 3-4. Because no party had appealed, Ms. Clagg's attorney argued that the trial court could not correct the sentence after the expiration of the period for direct appeal. *Id.* The trial court noted the objection. *Id.* at 4. On February 8,

2022, the trial court purported to impose a five-year period of post-release control under R.C. 2929.19(B)(2) by entering a judgment captioned "Amended Revocation Entry."

{¶ 5} Ms. Clagg timely appealed and asserts the following assignment of error:

> The trial court did not have jurisdiction or legal authority to resentence the defendant-appellant on February 8, 2022 after having entered a final judgment of sentencing on the journal on December [12], 2019, and the resentencing judgment entered on the journal on February 8, 2022 is void and must be vacated.

{¶ 6} Ms. Clagg argues that because the December 12, 2019 sentencing entry was a final appealable order, any error it contained when imposing post-release control could only have been corrected on direct appeal. (Brief of Appellant at 6.) Because neither she nor the state appealed from the order, the trial court lacked jurisdiction to later modify the judgment. *Id.* at 7. Ms. Clagg argues that only exceptions permitting subsequent modification of a final judgment, correction of a void judgment or a nunc pro tunc entry correcting a clerical error, do not apply here. *Id.* at 8-13. The trial court's error when imposing post-release control rendered the original judgment voidable, not void, and the uncorrected, unappealed error therefore stands under the principle of res judicata. *Id.* at 14-15. It is the Amended Revocation Entry that is void, Ms. Clagg argues, because the trial court lacked jurisdiction to resentence her, and she therefore asks that we vacate it. *Id.* at 16-17.

{¶ 7} In response, the state "concedes error," and adds that the trial court was required to correct any error in the imposition of post-release control according to the procedure in R.C. 2929.191 but failed to do so before Ms. Clagg was released from prison. (Brief of Appellee at 3.) Accordingly, the state concludes that "the trial court lacked jurisdiction to re-sentence Ms. Clagg" and impose post-release control on her after the expiration of her sentence. *Id.*

{¶ 8} The trial court's December 12, 2019 final judgment revoking community control and imposing a prison sentence, captioned "Revocation Entry," stated that at the December 10, 2019 sentencing hearing: "The Court notified the Defendant, orally and in writing, [that] the applicable period of post-release control pursuant to R.C. 2929.19(B)(2)(c), (d), and (e) is up to Three (3) years optional." For two reasons, this statement was incorrect. First, at the four-minute hearing, the trial court made no mention

of post-release control. (Dec. 10, 2019 Tr. at 5.) When imposing sentence, the trial court stated only: "At this point, I am revoking community control, sentencing you to three years in ODRS, giving you 282 days jail credit. That will be all." *Id.* Under R.C. 2929.19(B)(2)(d), the trial court was required to "[n]otify the offender" at the sentencing hearing "that the offender will be supervised * * * after the offender leaves prison," but did not so inform Ms. Clagg. Second, the applicable period of post-release control was a mandatory five-year term, not the optional three-year period stated in the entry. R.C. 2967.28(B)(1) (requiring "a period of post-release control * * * [f]or a felony sex offense, five years").

{¶ 9} "When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42. Here, however, neither party appealed, and "unless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 17, citing *Tari v. State*, 117 Ohio St. 481 (1927). Furthermore, because neither party appealed and "raised [the] argument that the trial court failed to properly impose postrelease control on appeal, it is now barred by the doctrine of res judicata." *Harper* at ¶ 41, citing *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, ¶ 7, and *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996).

{¶ 10} The trial court's attempt to correct its own mistake after Ms. Clagg's release was misguided. "A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, paragraph 3 of the syllabus, *overruled in part on other grounds by Harper*. The result of this effort, the Amended Revocation Entry, was entered without jurisdiction. *Holdcroft* at ¶ 5 (holding that "a trial court loses jurisdiction to resentence a defendant for the purpose of imposing postrelease control once the defendant has served his entire sentence of incarceration"). No statute authorized the trial court's action. *See* R.C. 2929.191(C) (providing procedure to correct error in the imposition of post-release control) and *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 23, *overruled on other grounds as stated in State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-

6238, ¶ 43, fn. 3 (R.C. 2929.191 procedure only "applies to offenders who have not yet been released from prison."). Consequently, the entry was void and must be vacated. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, paragraphs one and two of the syllabus ("A void judgment is a nullity" that a court may vacate based on its "inherent authority.").

**{¶ 11}** For the foregoing reasons, we sustain Ms. Clagg's assignment of error and vacate the trial court's Amended Revocation Entry of February 8, 2022.

*Judgment vacated.*

KLATT and SADLER, JJ., concur.

————————————